IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ERIK LEE MORRIS, | § |
| Plaintiff, | § |
| v. | § Case No. |
| DIVERSEY, INC., | § |
| Defendant. | § |

## COMPLAINT

NOW COMES, the Plaintiff, Erik Lee Morris, by and through the undersigned counsel, and for his Complaint against the above-named Defendant, does state and allege as follows:

### INTRODUCTION AND NATURE OF ACTION

1. This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") to redress Defendant's abuse of the federal overtime wage standards by failing to pay Plaintiff Erik Morris compensation at one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

### PARTIES

2. Plaintiff, Erik Morris ("Morris"), is citizen and resident of the state of California, who was employed by Defendant, Diversey, Inc., from June 2018 through January 2020.

3. Upon information and belief, Defendant Diversey, Inc. ("Diversey") is a corporation formed and existing under the laws of Delaware with its principal place of business

currently located in Fort Mill, South Carolina. At all times material to the matters set forth herein, Defendant conducted business in the states of North Carolina and California and engaged in interstate commerce as required by 29 U.S.C. §§ 206 and 207.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court also has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

6. This Court is empowered to issue a declaratory judgment with respect to all claims pursuant to 28 U.S.C. §§ 2201 & 2202.

7. The United States District Court for the Western District of North Carolina has personal jurisdiction over Diversey because it conducts business in North Carolina and within this District and because this is Diversey's chosen forum for the adjudication of disputes pursuant to a forum selection clause contained in Plaintiff's employment contract.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District and because Plaintiff's employment contract contains a forum selection clause requiring that any dispute(s) surrounding his employment be brought in this District.

## STATEMENT OF FACTS

9. Defendant Diversey is in the general business of providing cleaning and hygiene solutions to commercial clients throughout the world.

10. Plaintiff Erik Morris was employed by Diversey as an "Intellibot mapper and installation specialist" beginning in June 2018 and continuing through January 2020.

11. Generally speaking, an "Intellibot" device is an autonomous robotic floor cleaning machine that can be programed with a map of a facility floor plan that it is able to follow without the need for a dedicated operator.

12. In the course and scope of his employment, Morris was responsible for traveling to various Diversey client locations throughout the western United States in order to install and/or maintain the Intellibot floor cleaners sold by Defendant.

13. Morris received all training necessary to perform his job from Diversey and his employment did not require any specialized knowledge or any advanced course of education or training.

14. Similarly, as an Intellibot mapper and installation specialist, Morris did not perform any services as a computer programmer, software engineer, or computer systems analyst and had no role in the testing, modification, or design of any computer software or device.

15. While employed by Diversey, Morris was required to report to a supervisor, but did not supervise, manage, or direct the work of any other employee. Relatedly, Morris also had no role in the management or business operations of the company.

16. Morris' employment with Diversey provided for compensation on a salary basis at the gross rate of $65,000 per annum that was paid in bimonthly installments less any required wage tax, Medicare, and Federal Income Act (FICA) withholdings.

17. During the course of his employment, Morris routinely worked in excess of forty (40) hours per workweek. In fact, he frequently worked approximately sixty (60) to eighty (80) hours per workweek.

18. Upon information and belief, other similarly situated Diversey employees were compensated on an hourly basis and received compensation at the rate of one and one-half the times his/her regular rate of pay for all hours worked in excess of forty (40) hours during a work week.

19. However, at no time during or after his employment with Diversey, did Morris ever receive any compensation at the rate of one and one-half the times of his regular rate of pay for any hours worked in excess of forty (40) during a workweek.

20. Based on the nature of Morris' employment and the services he performed, he was misclassified by Diversey as exempt from the overtime requirements of the FLSA.

21. Morris has requested and demanded that Diversey remit the unpaid overtime wages that he is presently owed but Diversey has failed and refused to respond to his demand.

**FIRST CAUSE OF ACTION**
**(Violation of the Fair Labor Standards Act)**

22. Plaintiff hereby incorporates paragraphs 1 through 21 as if full set forth herein and further alleges:

23. At all times relevant to the matters set forth herein, Morris has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et. seq.*

24. The FLSA regulates, among other things, the payment of minimum and overtime wages to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

25. At all times material to the matters set forth herein, Diversey was a business enterprise engaged in interstate commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

26. Upon information and belief, during each of the three (3) calendar years immediately preceding the filing of this action, Defendant's business enterprise generated annual gross revenue in excess of $500,000 exclusive of excise taxes at the retail level that were separately stated.

27. Diversey is subject to the minimum wage and overtime compensation requirements of the FLSA because it is an enterprise engaged in interstate commerce with customers and employees in numerous states, and its employees travel between states and are otherwise engaged in commerce.

28. Diversey violated the FLSA by failing and refusing to pay Morris overtime wages at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

29. In the course of perpetrating these unlawful practices, Diversey also willfully failed to keep accurate records of all hours worked by Morris.

30. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from minimum wage obligations. None of the FLSA exemptions apply to Morris' employment with Diversey.

31. Pursuant to 29 U.S.C. § 255(a), Morris is entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Diversey acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

32. Diversey has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime

pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

33. As a result of the aforesaid willful violations of the FLSA's overtime wage provisions, compensation has been unlawfully withheld by Defendant from Plaintiff. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and expenses, and costs of this action.

WHEREFORE, Plaintiff Erik Morris respectfully prays the Court for the following relief:

1. A trial by jury on all issues;
2. Entry of judgment in favor of Morris and against Defendant Diversey, Inc. for its violations of the FLSA;
3. Awarding Morris damages in an amount equal to the total unpaid wages due for all hours Morris worked in excess of forty (40) hours per workweek at the rate of one and one-half times his regular rate of pay;
4. Awarding Morris liquidated damages in an amount equal to the unpaid overtime compensation due;
5. Awarding Morris his reasonable attorney fees and litigation expenses;
6. Awarding Morris any prejudgment and post-judgment interest as may be permitted by law;
7. The costs of this action be taxed against Defendant; and
8. Any such other and further relief as this Court may deem just and proper.

Respectfully submitted this 15th day of May, 2020.

                                              **GARELLA LAW, P.C.**

                                              */s/ C. Kiel Garella*
                                              C. Kiel Garella
                                              NC State Bar No. 42839
                                              409 East Boulevard
                                              Charlotte, North Carolina 28203
                                              Tel: (980) 321-7934
                                              Fax: (704) 990-6734
                                              Kiel@GLjustice.com

                                              *Attorney for the Plaintiff*